1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   JOSEPH LOCHUCH EWALAN,

11                          Plaintiff,          CASE NO. 3:25-cv-05397-KKE-DWC

         v.                                     ORDER DECLINING SERVICE OF
12                                              COMPLAINT AND GRANTING
     CHERYL STRANGE, et al.,                    LEAVE TO AMEND
13
                           Defendants.
14

15          The District Court referred this action to United States Magistrate Judge David W.

16   Christel. Plaintiff Joseph Lochuch Ewalan, proceeding *pro se* and *in forma pauperis*, filed this

17   civil rights complaint under 42 U.S.C. § 1983. *See* Dkts. 8, 9. Having reviewed and screened

18   Plaintiff's complaint (Dkt. 9) under 28 U.S.C. § 1915A, the Court declines to serve the complaint

19   and, instead, grants Plaintiff the opportunity to file an amended complaint by **July 28, 2025**, to

20   correct the deficiencies identified below.

21   **I.      Background**

22          Plaintiff is a state prisoner currently confined at Stafford Creek Corrections Center

23   ("SCCC") in Aberdeen, Washington. Dkt. 9. In his complaint, Plaintiff contends he suffers from

24

post-traumatic stress disorder and ongoing effects from a brain injury after being assaulted by another inmate at SCCC in July 2017. *Id.* Plaintiff states he filed grievances against several DOC officials and pursued a civil rights claim regarding the assault. *Id.*; *see also Ewalan v. Schreiber et al.*, No. 3:20-cv-05678, Dkt. 272 (W.D. Wash. Apr. 25, 2024) (judgment in favor of Defendants after jury trial).

In December 2019 or January 2020, Plaintiff was transferred to Washington State Penitentiary ("WSP"). Dkt. 9. At WSP, he states he received a number of accommodations and health status reports ("HSRs") related to his health conditions, including single cell status, lower bunk, and a wedge pillow. *Id.*

In 2024, Plaintiff requested a transfer to Monroe Correctional Complex ("MCC") to take part in a particular mental health treatment program or, in the alternative, to Washington Corrections Center ("WCC") to take part in a parenting program that he asserted would mitigate his mental health issues by helping him connect with his children. *Id.* Plaintiff filed multiple grievances seeking to expedite his transfer. *Id.* In December 2024, Plaintiff states he was moved to WCC while "in transit" to a new facility. *Id.* At WCC, he learned his HSRs had been terminated and that he would be transferred back to SCCC. *Id.*

In January or February 2025, Plaintiff states he was denied access to legal services at the SCCC law library by Defendant Paula Main. *Id.* After Plaintiff threatened to file a grievance or initiate legal action, Plaintiff alleges Defendant Badley Heden made an unnecessary emergency call that resulted in over ten officers swarming Plaintiff and handcuffing him without incident. *Id.* When he was handcuffed, Plaintiff contends Defendant Weld "threatened to throw [him] in the hole without investigation[ ] for threatening to sue[.]" *Id.* Plaintiff states he was later found

1    guilty of a serious rule violation after Defendant Heden alleged Plaintiff used physical force,

2    intimidation, or coercion against him. *Id.*

3    **II.    Discussion**

4    In his complaint, Plaintiff names 23 Defendants who, he alleges, violated his First and

5    Eighth Amendment rights during his incarceration at SCCC and WSP. *See* Dkt. 9.

6    Under the Prison Litigation Reform Act of 1995, the Court is required to screen

7    complaints brought by prisoners seeking relief against a governmental entity or officer or

8    employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

9    complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

10   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

11   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

12   152 F.3d 1193 (9th Cir. 1998).

13   To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a

14   violation of rights protected by the Constitution or created by federal statute, and (2) the

15   violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

16   *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

17   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

18   (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

19   named defendants caused, or personally participated in causing, the harm alleged in the

20   complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

21   1355 (9th Cir. 1981).

22   A person subjects another to a deprivation of a constitutional right when committing an

23   affirmative act, participating in another's affirmative act, or omitting to perform an act which is

24

ORDER DECLINING SERVICE OF COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

1    legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory

2    allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

3    Further, a § 1983 suit cannot be based on supervisory liability alone, but must allege the

4    defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.

5    378, 385–90 (1989).

6        The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S.

7    97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a

8    short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

9    P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

10       Plaintiff's complaint suffers from several deficiencies, each of which must be corrected

11   before the Court will serve the complaint. First, Plaintiff's complaint does not comply with the

12   directive in Rule 8 that he provide "a short and plain statement of the claim" with "simple, concise,

13   and direct" allegations. Instead, Plaintiff's complaint includes 110 pages, at least 20 of which are

14   duplicate pages, plus 53 pages of attachments. *See* Dkts. 9, 10. "[T]he Court cannot glean what

15   claims for relief might lay hidden in the narration provided by plaintiff[,] and it is plaintiff's

16   responsibility to make each claim clear and provide only a short statement of facts supporting

17   [each] claim." *Henderson v. Scott*, No. CVF 025809AWILJOP, 2005 WL 1335220, at *1 (E.D.

18   Cal. May 4, 2005).

19       Second, Plaintiff's complaint appears to assert multiple claims against unrelated

20   Defendants. Plaintiff divides his complaint into two "counts," each of which appears to raise

21   claims against different Defendants based on different events. Dkt. 9. In Count One, he alleges 14

22   named Defendants—Cheryl Strange, Joanne Miller, Garry Botton, S Thompson, T Morrisey,

23   Hanson Shelly, S Clarner, D Feist, K Casperson, J Kerschner, Eric Mairilo, Robert Jackson,

24

ORDER DECLINING SERVICE OF COMPLAINT
AND GRANTING LEAVE TO AMEND - 4

Christopher O'Dell, and Jennifer Loyd—exhibited deliberate indifference to his serious medical needs by denying him access to mental health programming at MCC and WCC, transferring him back to a facility where he had been previously assaulted, and terminating his HSRs. *Id.* He also contends these actions constituted retaliation for filing administrative grievances. *Id.* In Count Two of the complaint, Plaintiff alleges Defendants Main, Heden, and Weld retaliated against him for filing grievances and threatening legal action by denying him access to legal services, falsely accusing him of a rule violation, and threatening him with solitary confinement, in violation of his First Amendment rights. *Id.*

Unrelated claims against different defendants must be pursued in multiple lawsuits. Plaintiffs may join claims against different defendants in a single action only if (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Adherence to Rule 20 is of particular importance in prisoner civil rights actions:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multiple claim and multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to [three] the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Therefore, a plaintiff seeking to pursue separate conditions of confinement claims against different defendants must either (1) do so in separate actions or (2) plead sufficient facts showing the claims (a) arise out of the same occurrence or series of occurrences and (b) involve a common question of law or

1  fact. *See George*, 507 F.3d at 607; *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not

2  permitted unless both commonality and same occurrence requirements are satisfied).

3      Finally, Plaintiff's complaint also names as Defendants Furst, Chad Anderson, Jason

4  Bennett, Mac Pevey, Lynn Clark, and Matt Summer, but does not connect these Defendants with

5  any claim. Dkt. 9. As noted above, to state a claim for relief under 42 U.S.C. § 1983, Plaintiff

6  must explain how each named Defendant personally participated in the alleged constitutional

7  violations. Plaintiff has failed to allege facts showing these Defendants were aware Plaintiff

8  suffered from a serious medical need and acted with deliberate indifference to that need or that

9  these Defendants retaliated against him for exercising a constitutional right. If Plaintiff wishes to

10 pursue a claim against these Defendants arising from the relevant incidents, he must provide a

11 short, plain statement explaining exactly what each Defendant did or failed to do and how the

12 actions violated Plaintiff's constitutional rights and caused him harm.

13      **III.    Conclusion**

14      Because of the deficiencies identified above, the Court declines to direct Plaintiff's

15 complaint be served on Defendants. However, Plaintiff is granted leave to file an amended

16 complaint curing the noted deficiencies on or before **July 28, 2025**. Plaintiff must ensure that the

17 amended complaint carries the same case number as his original complaint. If no amended

18 complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the

19 Court may recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28

20 U.S.C. § 1915(e)(2)(B).

21      Plaintiff is advised that an amended pleading operates as a complete substitute for an

22 original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach*

23 *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)).

24

Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts that Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim. **The amended complaint may not exceed twenty (20) pages absent leave of the Court upon a showing of good cause.**

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 27th day of June, 2025.

David W. Christel
United States Magistrate Judge