UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH LOCHUCH EWALAN,<br><br>               Plaintiff,<br><br>   v.<br><br>CHERYL STRANGE, et al.,<br><br>               Defendants. | CASE NO. 3:25-cv-05397-KKE-DWC<br><br>ORDER DECLINING SERVICE OF AMENDED COMPLAINT, GRANTING LEAVE TO AMEND, AND DENYING MOTION FOR CONFLICT OF INTEREST |

Plaintiff Joseph Lochuch Ewalan, proceeding *pro se* and *in forma pauperis*, initiated this prisoner civil rights action under 42 U.S.C. § 1983. *See* Dkts. 1, 8. The District Court has referred this action to United States Magistrate Judge David W. Christel. The Court previously screened and declined to serve Plaintiff's complaint but granted him leave to amend. Having reviewed and screened Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915A, the Court declines to direct service of the amended complaint but grants Plaintiff another opportunity to amend his filing to cure the deficiencies identified below.

Also before the Court is Plaintiff's motion for conflict of interest (Dkt. 14). For the reasons below, this motion is denied.

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 1

I.      Background

Plaintiff is a state prisoner currently confined at Stafford Creek Corrections Center ("SCCC"). Dkt. 12. The Court screened and declined to serve Plaintiff's original complaint (Dkt. 9), advising Plaintiff that his filing suffered from three primary deficiencies. Dkt. 11. First, the complaint did not provide a "short and plain statement of the claim" as required by Rule 8. *Id.* Second, the complaint appeared to raise separate, unrelated claims against two distinct sets of Defendants, in violation of Rule 20. *Id.* Third, Plaintiff had failed to allege facts showing certain named Defendants personally participated in the alleged constitutional violations. *Id.* The Court granted Plaintiff the opportunity to correct the identified deficiencies in an amended complaint that was not to exceed twenty pages. *Id.*

Plaintiff's amended complaint (Dkt. 12) is now before the Court for screening. The amended complaint repeats essentially the same factual allegations as his original complaint, which the Court outlined in the previous order declining to serve the complaint:

> In December 2019 or January 2020, Plaintiff was transferred to Washington State Penitentiary ("WSP"). Dkt. 9. At WSP, he states he received a number of accommodations and health status reports ("HSRs") related to his health conditions, including single cell status, lower bunk, and a wedge pillow. *Id.*
>
> In 2024, Plaintiff requested a transfer to Monroe Correctional Complex ("MCC") to take part in a particular mental health treatment program or, in the alternative, to Washington Corrections Center ("WCC") to take part in a parenting program that he asserted would mitigate his mental health issues by helping him connect with his children. *Id.* Plaintiff filed multiple grievances seeking to expedite his transfer. *Id.* In December 2024, Plaintiff states he was moved to WCC while "in transit" to a new facility. *Id.* At WCC, he learned his HSRs had been terminated and that he would be transferred back to SCCC. *Id.*
>
> In January or February 2025, Plaintiff states he was denied access to legal services at the SCCC law library by Defendant Paula Main. *Id.* After Plaintiff threatened to file a grievance or initiate legal action, Plaintiff alleges Defendant Badley Heden made an unnecessary emergency call that resulted in over ten officers swarming Plaintiff and handcuffing him without incident. *Id.* When he was handcuffed, Plaintiff contends Defendant Weld "threatened to throw [him] in the hole without

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 2

|   |   |
|---|---|
| 1 | investigation[ ] for threatening to sue[.]" *Id.* Plaintiff states he was later found guilty of a serious rule violation after Defendant Heden alleged Plaintiff used physical force, intimidation, or coercion against him. *Id.* |
| 2 | |

Dkt. 11 at 2–3.

Plaintiff divides his amended complaint into three counts. *See* Dkt. 12. In Count One, he alleges Defendants Cheryl Strange, Joane Miller, Garry Botton, S. Thompson, T. Morrisey, Shelley Hanson, S. Garner, D. Feist, K. Casperson, J. Kerschner, and Erick Mairilo violated his constitutional rights under the First and Eighth Amendments based on his transfer to SCCC and the termination of his HSRs. *Id.* at 3–6, 10–24, 37. In Count Two, he alleges Defendants Krumins, Lewis, Hardesty, Miller, Kozuki, and Chad Anderson violated his Eighth Amendment rights when he was found ineligible for a specific mental health program. *Id.* at 6–8, 25–29, 37. Finally, in Count Three, he alleges Defendants Paula L. Main, Badley Heden, and Rogers Weld violated his First Amendment rights through denial of library services and retaliation for protected speech. *Id.* at 9, 26, 30–36, 38.

**II.       Screening of Plaintiff's Amended Complaint (Dkt. 12)**

Under the Prison Litigation Reform Act of 1995, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 3

of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A. <u>Unrelated Claims</u>

As the Court noted in its previous order declining service, a plaintiff cannot pursue unrelated claims against different defendants in one lawsuit. Plaintiffs may join claims against different defendants in a single action only if (1) the claims arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). "[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Here, although Counts One and Two name different Defendants, the underlying facts of these claims are sufficiently related to allow Plaintiff to pursue them in a single action. However, Plaintiff has not shown the claims in Count Three "arise out of the same transaction or occurrence, or series of transactions and occurrences" as those in Counts One and Two, nor has he shown all three Counts have common questions of law or fact. The fact that Counts One and Three both allege violations of Plaintiff's First Amendment rights is not sufficient to establish a "common question of law or fact."

Plaintiff contends his claims are related because the Defendants were engaged in a conspiracy against him. *See* Dkt. 12. "To state a claim for a conspiracy to violate one's constitutional rights . . . , the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Claims based on vague and conclusory allegations, which fail to specify each defendant's role in

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 4

the alleged conspiracy, are insufficient. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff's bald allegation of a conspiracy among the Defendants, without more, is insufficient to show a relationship between his claims.

In Plaintiff's second amended complaint, he must either (1) show that all of his claims are sufficiently related to proceed in one lawsuit, or (2) include only claims based on one "transaction or occurrence, or series of transactions and occurrences" that involve common questions of law or fact.

B. Personal Participation

The Court also advised Plaintiff that, to state a claim for relief under 42 U.S.C. § 1983, he must (1) identify the specific constitutional rights he believed were violated, and (2) set forth facts showing how each Defendant personally participated in causing the violations. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The Court directed Plaintiff to provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

Despite this direction, Plaintiff's amended complaint does not provide this information for every Defendant. In Counts One and Two of the amended complaint, Plaintiff references the actions or inactions of only two Defendants by name: Defendants Strange and Anderson. Plaintiff provides no explanation as to how the other named Defendants are involved in these claims, apart from a general allegation of conspiracy. As noted above, vague and conclusory allegations of conspiracy without supporting facts are insufficient. *See Burns*, 883 F.2d at 821; *Pena*, 976 F.2d at 471.

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 5

In Plaintiff's second amended complaint, he must explain how each individual Defendant was involved in the alleged violations of his constitutional rights.

C. Short and Plain Statement

In the order declining service, Plaintiff was directed to provide "a short and plain statement of the claim" with "simple, concise, and direct" allegations. Dkt. 11 (citing Fed. R. Civ. P. 8). He was informed that his amended complaint was not to exceed 20 pages and was not to include any attachments. *Id.* Plaintiff's amended complaint is 47 pages long, including an attached 8-page declaration. *See* Dkt. 12. Plaintiff is reminded that he must comply with the Court's orders, and "it is plaintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim." *Henderson v. Scott*, No. CVF 025809AWILJOP, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005).

Plaintiff's second amended complaint must contain a short and plain statement of his claims with simple, concise, and direct allegations; may not include attachments; and may not exceed twenty (20) pages absent leave of the Court upon a showing of good cause.

### III. Motion Regarding Conflict of Interest (Dkt. 14)

Plaintiff also filed a motion alleging a conflict of interest with Defendant Main, who is a law librarian at SCCC and is responsible for submitting Plaintiff's documents for e-filing. Dkt. 14. Plaintiff raised concerns about delays in his filings, disclosure of documents, and direct communication between Defendant Main and the Court. *See id.* Plaintiff asks the Court to order DOC to find a non-party to handle his filings. *Id.* at 5. He also requests a copy of an email between the Court and Defendant Main. *Id.* at 5–6.

A review of the docket indicates Plaintiff's initial filings were received by the Court on May 9, 2025, and entered into the electronic docket by the Clerk's Office on May 13, 2025. *See*

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 6

docket. Plaintiff's amended complaint was received on July 8, 2025, and entered into the docket on July 11, 2025. *See id.*

Plaintiff has not shown any harm from Defendant Main handling his electronic filings. Although the documents may not have been entered into the docket immediately, the docket appears to reflect the correct filing dates. Plaintiff has not shown any harm from the short delay, nor has he shown the delay was attributable to Defendant Main.

Plaintiff next alleges the duplicate pages in the complaint referenced by the Court in its order declining service were due to Defendant Main's filing error, rather than his own. Dkt. 14 at 4. The Court acknowledges the duplicate pages may have been included inadvertently and has not used this as a basis for screening Plaintiff's amended complaint.

Plaintiff also alleges Defendant Main improperly tried to obtain his court filings, but documents filed with the Court are public record and, had the complaint been served, Defendant Main would have received a copy. *See* Fed. R. Civ. P. 4; Local Rules W.D. Wash, LCR 5(g) ("There is a strong presumption of public access to the court's files."). Plaintiff may seek production of any correspondence between Defendant Main and the Court during the discovery process. For these reasons, Plaintiff's motion (Dkt. 14) is denied.

### IV. Conclusion

Because of the deficiencies identified above, the Court declines to direct Plaintiff's amended complaint be served on Defendants. However, Plaintiff is granted leave to file a second amended complaint curing the noted deficiencies on or before **October 20, 2025**. Plaintiff must ensure that the second amended complaint carries the same case number as his original complaint. If no second amended complaint is timely filed, or if Plaintiff fails to correct the

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 7

1 deficiencies identified above, the Court may recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is again advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any second amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts that Plaintiff believes support each claim, and the specific relief requested. Further, attachments to a second amended complaint will not be considered in analyzing whether the second amended complaint states a claim. **The second amended complaint may not exceed twenty (20) pages absent leave of the Court upon a showing of good cause.**

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file a second amended complaint along with a copy of this Order.

Dated this 18th day of September, 2025.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE OF AMENDED
COMPLAINT, GRANTING LEAVE TO AMEND,
AND DENYING MOTION FOR CONFLICT OF
INTEREST - 8