UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH LOCHUCH EWALAN,

               Plaintiff,

    v.

PAULA L. MAIN, et al.,

               Defendants.

CASE NO. 3:25-cv-05397-KKE-DWC

ORDER ON MISCELLANEOUS MOTIONS

The District Court has referred this *pro se* prisoner civil rights action to United States Magistrate Judge David W. Christel. Multiple matters are currently before the Court: Plaintiff's Second Motion for Appointment of Counsel (Dkt. 38), Defendants' Objections to Plaintiff's Interrogatories and Requests for Production (Dkt. 39), Plaintiff's Motion to Redact Information (Dkt. 42), and Plaintiff's Motion for No Contact Order (Dkt. 45). For the reasons below, these pending matters are DENIED. The deadlines in the Pretrial Scheduling Order (Dkt. 31) shall be extended by 60 days, as noted below.

ORDER ON MISCELLANEOUS MOTIONS - 1

### I.    Plaintiff's Second Motion to Appoint Counsel (Dkt. 38)

Plaintiff previously requested appointment of counsel on March 25, 2026. Dkt. 36. The Court denied Plaintiff's first motion without prejudice, finding Plaintiff had not demonstrated appointment of counsel was warranted at that time. Dkt. 37. On April 15, 2026, Plaintiff filed a second Motion to Appoint Counsel. Dkt. 38. In the present motion, Plaintiff again describes his cognitive issues and post-traumatic stress disorder stemming from his previous brain injury and states he has only been able to litigate up to this point with extensive help from fellow inmates. *Id.* Defendants did not file a response. *See* docket.

As the Court noted in its previous order, a plaintiff in a § 1983 action is not entitled to appointed counsel, and the Court may appoint voluntary counsel for indigent civil litigants only in exceptional circumstances. *See* Dkt. 37 at 2–3; *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd on other grounds*, 154 F.3d 952 (9th Cir. 1998). Again, at this stage of the case, before the close of discovery or the filing of dispositive motions such as motions for summary judgment, Plaintiff has not established such exceptional circumstances exist. Plaintiff has not shown this case involves complex facts or law. Although he states he experiences symptoms such as headaches and forgetfulness, Plaintiff's filings thus far have been understandable by the Court. It is clear Plaintiff believes counsel would help him to pursue this case, but that is not the standard for appointment of counsel. *See Rand*, 113 F.3d at 1525. For these reasons, Plaintiff's second Motion to Appoint Counsel (Dkt. 38) is DENIED without prejudice.

### II.    Discovery Motions (Dkts. 39, 42)

Two of the pending motions seek the Court's intervention on discovery matters. On April 20, 2026, Defendants filed Objections to Plaintiff's Interrogatories and Requests for Production, along with two supporting declarations. Dkts. 39, 40, 41. Plaintiff submitted a response on April

ORDER ON MISCELLANEOUS MOTIONS - 2

28, 2026. Dkt. 43. Defendants did not file a reply. *See* docket. Also on April 28, 2026, Plaintiff filed a Motion to Redact Information requesting the Court order Defendants to redact irrelevant information from discovery materials. Dkt. 42. Defendants did not respond. *See* docket.

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. *See* Fed. R. Civ. P. 37(a)(1); Local Rule W.D. Wash. 26(f), 37(a)(1); *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

In their Objections, Defendants state Plaintiff propounded written discovery on Defendants totaling 45 handwritten pages and including 66 interrogatories and 16 requests for production. Dkt. 39 at 1. Before responses were due, Plaintiff produced an additional 13 requests for production in a supplemental filing. *Id.* Defendants object to the discovery requests as overbroad, disproportionate to the needs of the case, and unduly burdensome under Federal Rule of Civil Procedure 26(b), as well as in violation of the numerical limits in Federal Rule of Civil Procedure 33. *Id.* They request the Court order Plaintiff to serve one comprehensive set of written discovery including no more than 25 interrogatories and associated requests for production and give them an additional 60 days to respond to this amended discovery to accommodate the need to transcribe handwritten filings. *Id.* at 2–3.

In Plaintiff's Motion, he requests the Court order Defendants to exclude irrelevant information when responding to his discovery requests. Dkt. 42 at 1. He states including materials other than those specified in his requests for production creates confusion, is a waste of time, and is misleading. *Id.* at 2.

ORDER ON MISCELLANEOUS MOTIONS - 3

First, the parties do not appear to have attempted to resolve either of these discovery issues between themselves before seeking intervention from the Court and have not shown judicial intervention is warranted. Second, as Plaintiff points out, Rule 33 allows "a party [to] serve on any other party no more than 25 written interrogatories," meaning "*each* plaintiff may serve *each* defendant with 25 interrogatories." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (emphasis in original). Defendants have not shown the significant curtailment of this limit requested is appropriate.

For these reasons, the Court declines to intervene at this time and DENIES Defendants' request for relief (Dkt. 39) and Plaintiff's Motion to Redact (Dkt. 42).[1] The parties are directed to meet and confer regarding the contested discovery issues and are reminded that, as noted in the Local Rules, "discovery requests and related responses should be reasonably targeted, clear, and as specific as possible." Local Rules W.D. Wash. LCR 26(f). If the parties are unable to resolve the discovery disputes, they may file appropriate motions with the Court. To accommodate these directives, the Court will extend the pretrial deadlines by 60 days.

### III.    Plaintiff's Motion for No Contact Order (Dkt. 45)

On June 3, 2026, Plaintiff filed a Motion for No Contact Order. Dkt. 45. Defendants did not file a response. *See* docket. In his Motion, Plaintiff states Defendant Heden summoned him for an interview on May 27, 2026, regarding a grievance he had filed against Defendant Main. Dkt. 45 at 2–3. Plaintiff believed it was inappropriate for a Defendant in a pending case to interview Plaintiff without seeking leave from defense counsel or the Court, but Defendant Heden maintained the matter was unrelated and said a liaison officer had cleared him to

---

[1] Plaintiff also requests the Court order sanctions for abuse of discovery and award him attorney's fees in an unspecified amount. Dkt. 43 at 9–10. These requests are denied. As Plaintiff is not represented by an attorney, there is no basis to award attorney's fees.

ORDER ON MISCELLANEOUS MOTIONS - 4

interview Plaintiff. *Id.* at 3. Plaintiff states Defendant Heden engaged in harassment, stalking, and intimidation, causing him emotional harm and mental anguish, and requests a temporary no contact order against Defendants Heden and Main. *Id.* at 4.

The Court has considered Plaintiff's request and finds Plaintiff has not shown that the requested relief is warranted. Plaintiff has not cited any authority for his belief that parties in an ongoing case cannot speak to one another without counsel present or leave of the Court for matters unrelated to pending litigation. For these reasons, Plaintiff's Motion for No Contact Order (Dkt. 45) is DENIED.

### IV.   Conclusion

For the reasons above, the Court ORDERS:

(1) Plaintiff's Second Motion for Appointment of Counsel (Dkt. 38), Defendants' Objections to Plaintiff's Interrogatories and Requests for Production (Dkt. 39), Plaintiff's Motion to Redact Information (Dkt. 42), and Plaintiff's Motion for No Contact Order (Dkt. 45) are DENIED.

(2) The Pretrial Scheduling Order (Dkt. 31) is amended as follows:

    a.   All discovery shall be completed by **September 4, 2026**.

    b.   Any motion to compel discovery shall be filed not later than **August 14, 2026**.

    c.   Any dispositive motion shall be filed and served by **October 5, 2026**.

Dated this 2nd day of July, 2026.

David W. Christel
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 5