UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH LOCHUCH EWALAN,

Plaintiff(s),

v.

CHERYL STRANGE, et al.,

Defendant(s).

CASE NO. C25-5397-KKE-DWC

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff is in custody and filed a pro se civil rights action against three employees at Stafford Creek Correctional Center ("SCCC") where he is currently housed. Dkt. No. 19. On November 4, 2026, Plaintiff filed a motion requesting a temporary restraining order ("TRO"). Dkt. No. 55. The motion requests an order preventing Plaintiff's transfer to the Washington State Penitentiary ("WSP") next week. *Id.* Plaintiff alleges the transfer is retaliatory and discriminatory. *Id.* at 13. Plaintiff also opposes the transfer because he wishes to remain housed at SCCC given his ongoing litigation in this District. *Id.* at 10.

A TRO or preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a TRO, a plaintiff must show that they are likely to succeed on the merits, they are likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in their favor, and an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). A TRO is only

appropriate to grant relief of the same character as that which may be finally granted in the underlying action. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Here, Plaintiff's motion seeks relief that has no nexus to the claims pled in his complaint. The claims in the underlying complaint are for First Amendment violations arising out of defendants' alleged retaliation against Plaintiff by "denying him meaningful access [to] the courts" and "law library services," and seeks compensatory and punitive damages totaling $300,000. Dkt. No 19 at 1–30. But the relief sought in Plaintiff's TRO motion is to enjoin his transfer to another facility, which is not of the same character as the relief he seeks in his amended complaint. As discussed, "[t]he Court cannot grant relief on claims that are unrelated to the claims contained in plaintiff's complaint." *Deogracias Ejonga v. Strange*, No. 221CV01004RJBJRC, 2021 WL 5311132, at *3 (W.D. Wash. Sept. 17, 2021) (citing *Pac. Radiation Oncology*, 810 F.3d at 633). Moreover, the motion does not show that Plaintiff satisfies any of the factors for the issuance of a TRO. After reviewing Plaintiff's motion and the balance of the docket, and construing them liberally as pro se filings, the Court concludes that Plaintiff has not met his burden to show that a TRO is appropriate. Accordingly, the Court DENIES Plaintiff's motion (Dkt. No. 55).

Dated this 5th day of November, 2026.

Kymberly K. Evanson
United States District Judge